NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3051

GIGI L. SERE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: June 9, 2005

_____

Before CLEVENGER, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Gigi L. Sere seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the denial by the Office of Personnel Management ("OPM") of her application for survivor annuity benefits as a dependent child of a deceased federal annuitant under the Civil Service Retirement System ("CSRS"). Sere v. Office of Pers. Mgmt., No. DC0831040676-I-1 (M.S.P.B. Sept. 23, 2004). We affirm.

I

Ms. Sere's father, a federal annuitant, died on August 20, 2002. Section 8341 of Title 5 of the United States Code provides a survivor annuity to an unmarried dependent child over the age of 18 who is incapable of self support because of a mental or physical

disability incurred before the age of 18. Ms. Sere applied to OPM for survivor benefits on September 30, 2002. She asserted entitlement to a survivor annuity on the grounds that she was unmarried, over the age of 18, and incapable of self support due to a disability incurred before the age of 18.

By letter dated February 9, 2004, OPM denied Ms. Sere's application on the ground that she had failed to produce evidence to satisfy the requirements of section 8341. Ms. Sere petitioned OPM for reconsideration. In its reconsideration decision of June 23, 2004, OPM acknowledged that Ms. Sere may suffer from disabling conditions but concluded that her medical records did not show that she was diagnosed with the conditions before the age of 18 or that her conditions now render her incapable of self support.

Ms. Sere appealed OPM's adverse decision to the Board. The Administrative Judge assigned to her case conducted a hearing on September 8, 2004, at which Ms. Sere presented the evidence in support of her claim. The Administrative Judge expressed sympathy for Ms. Sere's condition but found that she had not provided evidence to show that her medical conditions were incurred before the age of 18 and that those conditions rendered her unable to support herself at the time of her application for benefits. Accordingly, the Administrative Judge affirmed OPM's reconsideration decision denying the requested annuity. Because Ms. Sere did not seek review from the full Board, the Administrative Judge's initial decision became the final decision of the Board on October 28, 2004.

Ms. Sere timely sought review in this court. We have jurisdiction to review the Board's decision pursuant to 28 U.S.C. § 1295(a)(9) (2000).

II

We must affirm the final decision of the Board unless we conclude that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. See 5 U.S.C. § 7703(c) (2000).

The authority of this court to review the Board's final decision affirming OPM's denial of an annuity based on the disability of an applicant is extremely limited. The Supreme Court has held that the factual underpinnings of a disability determination are resolved finally by the Board and may not be judicially reviewed. See Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985). This court, in judicial review of the Board's decision, therefore cannot revisit the facts of the case to determine whether the Board's decision is correct. Our court can only determine whether, in the process of deciding a request for benefits based on disability, "'there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" Id. (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct. Cl. 1968)).

The arguments Ms. Sere raises in this court all pertain to the question of whether the Board properly assessed medical evidence when it affirmed OPM's negative determination. Lindahl mandates that the Board's final judgment on those factual issues is "final and conclusive and [] not subject to review." 5 U.S.C. § 8347(c). We cannot provide review of this aspect of the Board's decision.

05-3051                           3

Ms. Sere does not present any challenge to the law applied in her case or to the procedures followed by OPM and the Board in reviewing and deciding her application for benefits. We have reviewed the record on appeal and detect no legal or administrative error, per <u>Lindahl</u>, in Ms. Sere's favor. Due to the limited nature of our review authority, we are compelled to affirm the final decision of the Board.